UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-20052-Civ-GAYLES
MAGISTRATE JUDGE P. A. WHITE

MICHAEL WILLIAMSON,

    Plaintiff,

vs.                                              **REPORT**
                                         **OF MAGISTRATE JUDGE**

KATHERINE FERNANDEZ RUNDLE, et al.,

    Defendants.
_____/

## I. Introduction

The plaintiff, Michael Williamson has filed a pro se civil rights complaint pursuant to 42 U.S.C. §1983. (DE#1). He has filed a motion to proceed *in forma pauperis* which has been granted. (DE#4).

Pleadings drafted by pro se litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)(*per curiam*), but the Court may review plaintiff's complaint and dismiss the complaint, or any part thereof, if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. See 28 U.S.C. §1915A.

This Cause is presently before the Court for initial screening pursuant to 28 U.S.C. §1915, because the plaintiff is proceeding *in forma pauperis*.

## II. Analysis

As amended, 28 U.S.C. §1915 reads in pertinent part as

follows:

> Sec. 1915 Proceedings *in Forma Pauperis*
>
> \*   \*   \*
>
> (e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
>
> \*   \*   \*
>
> (B) the action or appeal –
>
> \*   \*   \*
>
> (I)  is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief from a defendant who is immune from such relief.

A complaint is "frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir.), cert. denied, 534 U.S. 1044 (2001).  Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," Id., 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 31 (1992).  Dismissals for failure to state a claim are governed by the same standard as Fed.R.Civ.P. 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Fed.R.Civ.P. 12(b)(6)").

In order to state a claim, a plaintiff must show that conduct under color of state law, complained of in the civil rights suit, violated the plaintiff's rights, privileges, or immunities under the Constitution or laws of the United States.  Arrington v. Cobb County, 139 F.3d 865, 872 (11th Cir. 1998).

Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Estelle v. Gamble, 429 U.S. 97, 106 (1979)(quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972)).  The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff.  Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997).

To determine whether a complaint fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Second, the Court must determine whether the complaint states a plausible claim for relief. Id. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief."  When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in

determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred.[1]

The plaintiff names the following three defendants:

> (1) Miami-Dade State Attorney Katherine Fernandez Rundle;
> (2) Miami-Dade County Judge Andrew Hague; (3) Miami-Dade
> County; and, (4) the State of Florida.

The plaintiff alleges in his Complaint (DE#1) that Defendants have conspired against him by fabricating charges and false reports that lead to an invalid arrest warrant being issued in 2006 for contracting without a license. The bench warrant remained outstanding from 2006 until 2015, when plaintiff was detained at the airport by U.S. Customs and subsequently arrested by Miami-Dade police officers. (Id.:6). Plaintiff maintains that his arrest was discriminatory and in violation of the statute of limitations. (Id.). He states that his arrest was intended to deter African Americans from doing business in Hialeah. (Id.). Furthermore, plaintiff asserts that during his 3-day incarceration, he was denied a proper diet of fruits and vegetables and normal drinking water. (Id.:12). He seeks compensatory and punitive damages, and injunctive relief. He also seeks a letter of apology, replacement of his laptop that was damaged during his arrest, and expungement of his record.

### III. Discussion

*A. Katherine Fernandez Rundle, Miami-Dade County State Attorney*

---

[1]The application of the Twombly standard was clarified in Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

Plaintiff's claims for damages for any acts that State Attorney Fernandez Rundle committed are subject to dismissal, because the state prosecutor and her assistants are absolutely immune from a §1983 suit for damages. Imbler v. Pachtman, 424 U.S. 409 (1976). A prosecutor is absolutely immune from suit for all actions that she takes while performing her function as an advocate for the state or government. Rehberg v. Paulk, 611 F.3d 828, 837–38 (11th Cir. 2010), affirmed by Rehberg v. Paulk, __ U.S. ___, 132 S.Ct. 1497, 182 L.Ed.2d 593 (2012).

*B. Judge Andrew Hague*

Judges are absolutely immune in a §1983 suit for damages for judicial acts done within the jurisdiction of the Court. Section 1983 was not intended to abolish the doctrine of judicial immunity except in certain circumstances not applicable here (such as suits involving judges' administrative, legislative, or executive functions). Forrester v. White, 484 U.S. 219 (1988); Stump v. Sparkman, 435 U.S. 349 (1978); Pierson v. Ray, 386 U.S. 547 (1967); Wahl v. McIver, 773 F.2d 1169 (11th Cir. 1985).

Unless a judge has acted in clear absence of all jurisdiction, his or her acts are protected by judicial immunity no matter how injurious they may be to the plaintiff, even when such acts are alleged to be malicious, in excess of jurisdiction or authority, procedurally or otherwise erroneous, or corrupt or done pursuant to bribe or conspiracy. Forrester, supra; Cleavinger v. Saxner, 474 U.S. 193 (1985); Pierson, supra.

The plaintiff has not alleged any facts that demonstrate that Judge Hague acted in the absence of jurisdiction.

*C. Miami-Dade County*

"[T]o impose §1983 liability on a municipality, a plaintiff must show: (1) that his constitutional rights were violated; (2) that the municipality had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation." McDowell v. Brown, 392 F.3d 1283, 1289 (11th Cir. 2004); see also, Oladeinde v. Birmingham, City of, 230 F.3d 1275, 1295 (11th Cir. 2000)(quoting Denno v. School Board of Volusia County, 218 F.3d 1267, 1276 (11th Cir. 2000)(A municipality may be held liable for constitutional deprivations only if such deprivations resulted from official government policy, the actions of an official fairly deemed to represent government policy, or a custom or practice so pervasive and well-settled that it assumes the force of law.)).   No such showing has been made here.

*D. State of Florida*

The State of Florida is not a proper party to a Section 1983 suit. With regards to the State of Florida, the Eleventh Amendment precludes suits by citizens against their own States in federal court. Board of Trustees of Univ. of Ala. v. Garrett, 531 U.S. 356, 363 (2001). Florida has not waived its sovereign immunity or consented to be sued in damages suits brought pursuant to Section 1983. Gamble v. Fla. Dep't of Health & Rehab. Serv., 779 F.2d 1509, 1513 (11th Cir. 1986). Therefore, the Eleventh Amendment bars the Section 1983 claim for damages against the State of Florida.

*E. Injunctive Relief*

Plaintiff seeks preliminary and permanent injunctive relief against all named defendants. "The decision to grant or deny a preliminary injunction "is within the sound discretion of the district court...." Palmer v. Braun, 287 F.3d 1325, 1329 (11ᵗʰ Cir. 2002) (citations omitted). This court may grant a preliminary injunction only if plaintiff demonstrates each of the following prerequisites: (1) a substantial likelihood of success on the merits; (2) a substantial threat irreparable injury will occur absent issuance of the injunction; (3) the threatened injury outweighs the potential damage the requested injunction may cause the non-moving parties; and (4) the injunction would not be adverse to the public interest. Palmer, 287 F.3d at 1329; McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11ᵗʰ Cir. 1998); Cate v. Oldham, 707 F.2d 1176 (11ᵗʰ Cir. 1983); Shatel Corp. v. Mao Ta Lumber and Yacht Corp., 697 F.2d 1352 (11ᵗʰ Cir. 1983); see also Parker v. State Board of Pardons and Paroles, 275 F.3d 1032, 1034–35 (11ᵗʰ Cir. 2001). No such showing has been made here.

"In this Circuit, '[a] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the "burden of persuasion'" as to the four requisites." McDonald's, 147 F.3d at 1306; All Care Nursing Service, Inc. v. Bethesda Memorial Hospital, Inc., 887 F.2d 1535, 1537 (11ᵗʰ Cir. 1989)(a preliminary injunction is issued only when "drastic relief" is necessary); Texas v. Seatrain Int'l, S.A., 518 F.2d 175, 179 (5ᵗʰ Cir. 1975)(grant of preliminary injunction "is the exception rather than the rule," and movant must clearly carry the burden of persuasion). The moving party's failure to demonstrate a "substantial likelihood of success on the merits" may defeat the party's claim, regardless of the party's ability to

establish any of the other elements. <u>Church v. City of Huntsville</u>,
30 F.3d 1332, 1342 (11th Cir. 1994); <u>see also</u> <u>Siegel v. Lepore</u>, 234
F.3d 1163, 1176 (11th Cir. 2000)(noting that "the absence of a
substantial likelihood of irreparable injury would, standing alone,
make preliminary injunctive relief improper").

        "'The chief function of a preliminary injunction is to
preserve the status quo until the merits of the controversy can be
fully and fairly adjudicated.' <u>Northeastern Fl. Chapter of Ass'n of
Gen. Contractors of Am. v. City of Jacksonville, Fl.</u>, 896 F.2d
1283, 1284 (11th Cir. 1990)." <u>Suntrust Bank v. Houghton Mifflin Co.</u>,
268 F.3d 1257, 1265 (11th Cir. 2001). The "extraordinary remedy"
provided by an injunction is only available when a "legal right has
been infringed by an injury for which there is no adequate legal
remedy and which will result in irreparable injury if the
injunction does not issue." <u>Alabama v. United States Army Corps of
Eng'rs</u>, 424 F.3d 1117, 1127 (11th Cir. 2005).

        Plaintiff has not set forth a sufficient showing to warrant
the entry of preliminary or permanent injunctive relief. Thus, no
preliminary or permanent injunctive relief is required and should
be denied.

## IV.  <u>Conclusion</u>

        Based upon all of the foregoing, it is recommended that the
complaint (DE#1) be dismissed pursuant to 28 U.S.C.
§1915(e)(2)(b)(ii), for failure to state a claim upon which relief
can be granted and that the case be closed.

        Dismissal with leave to amend would not be appropriate here
because an amendment would be futile in that any amended complaint

on the basis of the allegations now presented and attempted claims would still be properly dismissed. See Judd v. Sec'y of Fla., 2011 WL 2784422, *2 (M.D.Fla. June 3, 2011)(recommending that Plaintiff not be permitted to file an amended complaint in light of the Eleventh Circuit's decision in Johnson in that any amended complaint would be frivolous). See generally Spaulding v. Poitier, 548 Fed.Appx. 587, 594 (11th Cir. 2013)(holding that magistrate judge did not abuse his discretion in denying Plaintiff leave to amend his complaint because such an amendment would have been futile)(citing, Cockrell v. Sparks, 510 F.3d 1307, 1310 (11th Cir. 2007).

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report. Failure to file timely objections shall bar plaintiff from a *de novo* determination by the district judge of an issue covered in this report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district judge except upon grounds of plain error or manifest injustice. See 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140, 149 (1985); Henley v. Johnson, 885 F.2d 790,794 (1989); LoConte v. Dugger, 847 F.2d 745 (11th Cir. 1988); RTC v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).

Dated in Miami, Florida, this 19th day of January, 2016.

_____
UNITED STATES MAGISTRATE JUDGE

cc:   Michael Williamson, Pro Se
      11104 Irish Moss Ave
      Riverview, FL 33569