UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 16-20052-CIV-GAYLES/WHITE

MICHAEL WILLIAMSON,

    Plaintiff,
vs.

KATHERINE FERNANDEZ RUNDLE,
et al.,

    Defendants.
_____/

## ORDER

**THIS CAUSE** came before the Court on Plaintiff Michael Williamson's pro se civil rights complaint [ECF No. 1]. The Clerk referred the case to Magistrate Judge White for a report and recommendation on any dispositive matters. [ECF No. 3]. Because Plaintiff is proceeding *in forma pauperis*, Judge White screened Plaintiff's allegations pursuant to 28 U.S.C. § 1915 and issued a report recommending that the action be dismissed for failure to state a claim (the "Report") [ECF No. 6]. Plaintiff has objected to the Report [ECF No. 7].[1] The Court has carefully reviewed the Report, the Objections, the record, and applicable law.

When a plaintiff properly objects to a magistrate judge's disposition of a matter, district courts must review the disposition *de novo*. Fed. R. Civ. P. 72(b)(3). Plaintiff objects to the Report, arguing that he has stated a claim.

Plaintiff alleges that Defendants Miami-Dade State Attorney Katherine Fernandez

---

[1] In response to the Report, Plaintiff filed a "Motion of Appeal to the District Judge for Objection to the Report of Magistrate Judge and Motion for Leave to Proceed and Have Case Remain in the Federal Court, Which Has Qualified Jurisdiction and to Grant a Proposed Order for Leave to File an Amended Complaint" [ECF No. 7], which the Court construes as objections to the Report.

Rundle, Miami-Dade County Judge Andrew Hague, Miami-Dade County, and the State of Florida conspired to fabricate a warrant for his arrest due to his race and national origin and his position as chairman of a new airline that will compete with other airlines operating out of Miami International Airport. He sets forth counts for (1) "bad" arrest, (2) unlawful arrest, (3) civil rights violation, (4) discrimination, (5) negligence, (6) fabricated and alleged false charges, (7) fabricated date of warrant, and (8) violation of state statutes of limitation. [ECF No. 1].

The Court agrees with Judge White's comprehensive analysis and recommendations. Plaintiff cannot maintain a cause of action for damages against any of the Defendants. Defendant Miami-Dade State Attorney Katherine Fernandez Rundle, as a prosecutor, is absolutely immune from allegations relating to her role as an advocate for the state. *Rehberg v. Paulk*, 611 F.3d 828, 837-38 (11th Cir. 2010). Defendant Miami-Dade County Judge Andrew Hague is also entitled to absolute immunity from a suit for damages relating to judicial acts done within the jurisdiction of the Court. *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000). Defendant Miami-Dade County is immune from suit under 42 U.S.C. § 1983 unless Plaintiff can establish that the County had a custom or policy that caused a violation of his constitutional rights. *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004). Plaintiff has not alleged that Miami-Dade County had a custom or policy that caused a violation of his rights. Finally, the Eleventh Amendment precludes suits by citizens against their own States in federal court. *Board of Trustees of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001). The State of Florida, therefore, is not a proper party to this action.

Plaintiff also seeks preliminary and permanent injunctive relief against all of the Defendants. Specifically, Plaintiff asks that Miami-Dade County and the State of Florida drop all charges against him and remove his negative arrest records from all online search engines.

The Court has the discretion to grant or deny a preliminary injunction, and may only grant preliminary injunctive relief if Plaintiff can establish, among other things, a substantial likelihood of success on the merits. *Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002). Plaintiff has failed to do so.

The Court does not grant Plaintiff leave to amend because any amendment would be futile. *See Spaulding v. Poitier*, 548 Fed.Appx. 587, 594 (11th Cir. 2013) ("District courts may properly deny leave to amend when an amendment would be futile."). As Defendants are immune from suit, any amendment would be futile.

For the reasons stated above, it is

**ORDERED AND ADJUDGED** that the Report **[ECF No. 6]** is **AFFIRMED AND ADOPTED**. Plaintiff's Complaint **[ECF No. 1]** is **DISMISSED**. The Clerk is directed to mark this case **CLOSED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 12th day of February, 2016.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE